[Civ. No. 8656. First Appellate District, Division Two.—November 9, 1932.]

HARRY D. SALVETER, Appellant, v. MAUD E. SALVETER, Respondent.

Goodspeed, Pendell & McGuire for Appellant.

Hugh A. McNary for Respondent.

SPENCE, J.—Plaintiff was the judgment debtor and defendant was the judgment creditor and purchaser on an

execution sale. Plaintiff brought this action under section 707 of the Code of Civil Procedure for an accounting of the rents received by defendant subsequent to the sale. This appeal is taken on the judgment-roll from the judgment of dismissal entered after the demurrer to plaintiff's second amended complaint had been sustained without leave to amend.

Said section 707 of the Code of Civil Procedure provides in part that after a sale on execution, the purchaser is entitled to receive the rents but that the amount of such rents "shall be a credit on the redemption money to be paid"; that if the judgment debtor, before the expiration of the time for redemption, demands in writing of the purchaser a "written and verified statement of the amounts of such rents" received, the period of redemption is extended five days after "such sworn statement is given"; and that if the purchaser for a period of one month from and after the demand fails or refuses "to give such statement", the debtor may bring an action "to compel an accounting" of such rents and the right of redemption is extended until fifteen days after the final determination of such action.

Plaintiff's complaint was in two counts which were quite similar except in one particular. We shall first briefly set forth the allegations of the second count. It was there alleged that plaintiff and defendant were formerly husband and wife and that a divorce action was instituted by defendant against plaintiff in 1925; that in said action defendant obtained an order requiring plaintiff to pay to defendant $20 per week for the support of herself and two minor children; that thereafter an interlocutory and a final decree of divorce were entered; that by the terms thereof a 99-year leasehold interest in certain real property was adjudged to be the community property of the parties, but that the court did not make any division or disposition thereof; that subsequently, upon affidavit of defendant herein showing an unpaid balance of $2,068 upon the above-mentioned order, the court ordered a writ of execution to issue; that said writ was issued and on July 15, 1929, all of the right, title and interest of plaintiff in and to said leasehold interest was sold on execution to defendant for the sum of $1,000; that defendant has been at all times since

July 15, 1929, in possession of said premises as purchaser under said execution sale and has collected all rentals therefrom; that plaintiff does not know the exact amount, but alleges on information and belief that defendant has collected as rentals between July 15, 1929, and June 25, 1930, the sum of $5,667, and further sums subsequent to said last-mentioned date; that none of said rentals have been paid to or credited to plaintiff; that within one year after said execution sale, to wit, on June 25, 1930, plaintiff did, for the purpose of redeeming said property, make and serve upon defendant a demand that defendant render to plaintiff her verified statement of all rentals collected subsequent to July 15, 1929 (a copy of this demand is attached to the complaint as exhibit A and incorporated therein by appropriate reference); that defendant has failed and refused for a period of more than thirty days subsequent to said demand and still refuses to render such statement showing such rentals, but for the purpose of defeating the efforts of plaintiff to redeem and of depriving him of his interest in said property, defendant had denied that she has received any rents and claimed that plaintiff is not entitled to credit for any rents.

The first count of said complaint is the same except in its allegations relating to defendant's response to plaintiff's written demand. It is there alleged that defendant has refused to render plaintiff "a full, true or correct verified statement, or any statement, of the amount of said rentals"; that defendant "pretending to comply with said demand of plaintiff did on the 26th day of June 1930, cause to be served on plaintiff a verified statement" (a copy of this statement is attached to the complaint as exhibit B and incorporated therein by appropriate reference), "but that the statements and each of them, therein set forth, excepting the statement and admission that said Maud E. Salveter had collected rents from said premises, were false and untrue and known by her to be false and untrue and were made for the purpose of hindering, delaying and defrauding the plaintiff and preventing plaintiff from making a redemption of said property"; that defendant has never at any time given plaintiff a verified statement regarding said rents except as stated.

Defendant's statement given in response to plaintiff's demand as shown by exhibit B was as follows:

"Pursuant to demand heretofore made by you in the matter of the above entitled action for a disclosure by the plaintiff of rents and profits received from property purchased by her at execution, which said property is described in your demand, and in answer thereto plaintiff and purchaser replies as follows:

"That the undersigned purchaser has received nothing from said property to be applied upon the amount necessary to redeem said property from said execution sale; that rents have been received by the undersigned from the property described in your said demand, but that all the said rents have been received by the undersigned pursuant to the order of court in the above entitled action, contained in the interlocutory decree of divorce therein, wherein and whereby the undersigned was given the control and management of the property described in your demand, and was given all the rents, issues and profits therefrom over and above the amount of the taxes and costs of upkeep of said property, to be used by her for the support and maintenance of herself and her two minor children as described in said decree.

"That the undersigned has received nothing from said property to be applied by her upon the amount necessary to redeem the property described in your demand from the execution sale thereof."

Appellant contends that the trial court erred in sustaining the demurrer to appellant's second amended complaint without leave to amend. In our opinion this contention must be sustained. The allegations of said complaint were sufficient to show that appellant was entitled to an accounting under section 707 of the Code of Civil Procedure unless, as contended by respondent, the above response by respondent to appellant's written demand was a sufficient compliance with said section. It is at once apparent that said response did not purport to give the information demanded. Appellant demanded "a written and verified statement of the amounts of rents" received. Respondent's response merely purported to state an excuse for her failure and refusal to give the information demanded. It does not appear on the face of the complaint

that respondent had a right to withhold such information. It merely appears that she claimed such right. If upon the trial respondent establishes such right then appellant will not be entitled to an accounting, but otherwise he will. This issue, however, could not be determined from the face of the complaint and respondent's demurrer should have been overruled.

The judgment is reversed, with directions to the trial court to overrule the demurrer to plaintiff's second amended complaint.

Nourse, P. J., and Sturtevant, J., concurred.